Argued October 24, decided November 12, 1912.

### LEO *v.* DEITZ.

(127 Pac. 550.)

**Specific Performance—Contract for Sale of Land—Abatement for Inchoate Curtesy.**

Plaintiff, who took a contract from defendant for sale to him of her land, knowing she had a husband who did not join in the contract, may not, on the husband refusing to join in the deed, have specific performance, with a retention of part of the price, as protection against his inchoate right of curtesy; the same to be paid the husband or wife on the one surviving the other.

From Washington:  JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by H. D. Leo against Amelia J. Deitz to compel specific performance of a contract to convey real property. On April 19, 1909, at Newberg, Oregon, the defendant, a married woman, then known by the plaintiff to be such, contracted in writing to sell to him certain real property in Washington County for $8,000, half to be paid in cash and the remainder to be secured by note and mortgage on the premises. The husband of the defendant did not join in the contract. The plaintiff paid defendant $20 earnest money on the contract, and, after some delay occasioned by defendant's efforts to perfect her title, in which she was successful, he tendered her $3,980, the balance of the cash payment agreed upon, together with a note and mortgage as stipulated, and demanded from her a "good and sufficient conveyance for the said real property, conveying a marketable title thereto." The husband having refused to join in the proposed conveyance, plaintiff, not being content with a quitclaim deed signed by defendant alone, which she tendered, began this suit against the defendant, without joining her husband, to compel specific performance, demanding that in case the husband persisted in his refusal there should be made a suitable reduction in the purchase price to cover the outstanding inchoate curtesy.

After admissions and denials, the defendant answered, in substance, that the fact of her wedded state was known to the plaintiff at and before the execution of the contract; that on account thereof in the negotiations the purchase price of the land was reduced from $9,000 to $8,000 to cover the possible outstanding title; and that she had tendered to the plaintiff a deed to the realty, signed by herself alone, which he refused. She alleged, further, that in consequence thereof she had returned to him the earnest money, and had rescinded the contract.

Issue having been joined by the reply, the circuit court heard the cause, and decreed, in substance, that the defendant convey the premises to the plaintiff; that in the event her husband should refuse to join in the conveyance $4,000 of the purchase price should be withheld, to be paid either to the husband, if he would take it and release his possibility of curtesy, or if he should survive the defendant; but if she survived him the money so held back should be paid to her.    The defendant appeals.                                    REVERSED.

For appellant there was a brief over the names of *Messrs. Allen & Mulkey*, with an oral argument by *Mr. G. W. Allen*

No appearance for respondent.

MR. JUSTICE BURNETT delivered the opinion of the court.

On the ground of *stare decisis*, if for no other reason, this case is ruled by the decision in *Kuratli* v. *Jackson*, 60 Or. 203 (118 Pac. 192), where this court held in a case like this, except that inchoate dower instead of curtesy was involved, that "it is impracticable to determine the value of the inchoate dower; that equity will not lend its aid to coerce the wife to join her husband in a deed to plaintiff, which would be the effect or tendency of the decree rendered; that plaintiff knew the defendant had a wife with inchoate dower in the land, and he took the chance that the wife would refuse to sign the deed; that to attempt to fix a new price at which defendant should sell the propery would be to make a contract for the parties, and not to enforce the one sued on. Plaintiff has not offered to accept the deed of the defendant alone, and he is not entitled to the relief prayed for."

The decree of the court below is reversed and the suit dismissed.                                        REVERSED.